2003 OK JUD ETH 6

**Judicial Ethics Opinion 2003–6**

**No. 2003–6.**

Oklahoma Judicial Ethics Advisory Panel.

Sept. 29, 2003.

## QUESTION:

¶ 0 Upon assuming office, how long should a judge be required to disclose previous professional relationships with attorneys appearing in the judge's court?

## FACT SITUATION:

¶ 1 The judge is assigned to the Family Law Division in a metropolitan county. The judge previously practiced in that division as a member of a large firm, several small partnerships and for the seven years prior to assuming the bench, as a sole practitioner. The judge has been on the bench two years and has continued to disclose those past relationships in every case in which a former associate or firm is involved. Lawyers are starting to complain, primarily because of the delay in getting another judge and setting.

## DISCUSSION:

¶ 2 The question falls within the purview of Canons 2 and 3 of the Code of Judicial Conduct, i.e., "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities" and "A judge should perform the duties of judicial office impartially and diligently."

¶ 3 Just as Canon 2 specifically requires a judge to avoid impropriety and *the appearance of impropriety* (emphasis added), so too, is the appearance of impartiality as important to upholding the integrity and independence of the judiciary (Canon 1) as is the fact of impartiality.

¶ 4 We have previously stated that when a new judge assumes office, the judge should, for a reasonable period of time, disclose any immediate past association with an attorneys appearing before the judge. We have not suggested any bright line timetable.

¶ 5 Our research does not disclose Ethics Panels from other states responding directly to the period of time that such disclosure is required. The inquiries we have found are addressed to the period of time a judge should recuse when confronted with the situation. Several states have adopted a per se rule that prohibits a judge from hearing a case in which the judge's former firm or associate appears for a specific period of time: Delaware, one year; Michigan and New York, two years; Illinois, three years and New Mexico, five years. Other states have refused to require automatic recusal. Arizona Advisory Opinion 95–11 states: "A policy requiring judges to disqualify themselves simply because they had a prior professional relationship with attorneys would be burdensome on the judiciary, particularly in rural areas where there are few judges and where judges know many of the litigants and lawyers." West Virginia allows a judge to hear any case that came into the judge's former office after the judge left, but requires the judge to disclose the former relationship. The opinion does not address the period of time such disclosure is required.

¶ 6 Criteria suggested for evaluating whether sufficient time has passed to avoid an appearance of impropriety and to impart the appearance of impartiality include:

● the length of the judge's association with the other attorney or firm (*Arizona Advisory Opinion 95–11; Massachusetts Advisory Opinion 95–6; New Mexico Advisory Opinion 89–6);*

● the closeness of the association *(Arizona Advisory Opinion 95–11);*

● the amount of time since the association ended *(Arizona Advisory Opinion 95–11; Massachusetts Advisory Opinion 95–6; South Carolina Advisory Opinion 5–1985; South Carolina Advisory Opinion 1–1983; Utah Advisory Opinion 89–2);*

● the size of the firm *(Arizona Advisory Opinion 95–11; New Mexico Advisory Opinion 89–6; New York Advisory Opinion 89–31);*

● whether the court is located in a nonmetropolitan area *(New York Advisory Opinion 89–31);*

● any financial dealings the judge has with former partners *(New York Advisory Opinion 89–62; South Carolina Advisory Opinion 1–1983; Utah Advisory Opinion 89–2);*

- the duration and closeness of personal relationships between the judge and former partners and associates *(U.S. Compendium of Selected Opinions § 3.3–1(f)(1995); Louisiana Advisory Opinion 70 (1986); South Carolina Advisory Opinion 5–1985; South Carolina Advisory Opinion 1–1983; Utah Advisory Opinion 89–2; New York Advisory Opinion 89–31);*

- whether the judge has a personal bias or prejudice toward the former partner or firm *(Alabama Advisory Opinion 95–549);*

- whether the judge is still receiving money from the firm or lawyer *(South Carolina Advisory Opinion 5–1985; South Carolina Advisory Opinion 1–1983; Utah Advisory Opinion 89–2; New Mexico Advisory Opinion 89–6);* and

- any continuing social relationship with the attorney *(Massachusetts Advisory Opinion 95–6).*

¶ 7 We do not deem it our function to fix a specific time for disclosure as our opinions are advisory. We are not a rule-making body.

¶ 8 In direct response to the fact situation presented, it is our opinion that for a judge who was a sole practitioner for seven years immediately prior to becoming a judge, the two-year period the judge has been on the bench is certainly more than sufficient time to no longer require disclosure of past relationships unless in applying the criteria set out above, an appearance of impropriety or lack of impartiality would arise.

¶ 9 ROBERT L. BAILEY, Chairman,
ROBERT D. SIMMS, Vice Chairman,
MILTON C. CRAIG, Secretary.